SUMMARY ORDER

Biran Wu, a native and citizen of the People’s Republic of China, seeks review of a July 31, 2008 order of the BIA affirming the July 16, 2007 decision of Immigration Judge (“IJ”) Joanna M. Bukszpan, which denied his application for relief under the Convention Against Torture (“CAT”). In re Biran Wu, No. A200 125 584 (B.I.A. Jul. 31, 2008), aff'g No. A200 125 584 (Immig. Ct. N.Y. City Jul. 16, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA does not expressly “adopt” the IJ’s decision, but its brief opinion closely tracks the IJ’s reasoning, the Court may consider both the IJ’s and the BIA’s opinions for the sake of completeness if doing so does not affect the Court’s ultimate conclusion. Jigme Wangchuck v. DHS, 448 F.3d 524, 528 (2d Cir.2006). We review the agency’s findings of fact under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed de novo. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
Wu only sought relief under the CAT before the IJ, and explicitly declined to seek asylum or withholding of removal. As we “may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right,” 8 U.S.C. § 1252(d)(1), and the IJ never considered Wu’s application for asylum or withholding of removal, we are without jurisdiction to consider any challenge Wu now makes with respect to those forms of relief. Foster v. INS, 376 F.3d 75, 78 (2d Cir.2004).**
We find that substantial evidence supports the agency’s denial of Wu’s CAT claim. The IJ found that although Wu’s claim was based entirely on his purported illegal departure from China, he did not establish that he left the country without authorization. Even if he had, we have held time and again that without any particularized evidence, an applicant cannot demonstrate that he is more likely than not to be tortured “based solely on the fact that [he] is part of the large class of persons who have left China illegally” and on generalized evidence indicating that torture occurs in Chinese prisons. Mu Xiang Lin v. U.S. Dep’t of Justice, 432 F.3d 156, 159-60 (2d Cir.2005).
Here, Wu provided no basis for the IJ to conclude that he, or someone in his “particular alleged circumstances,” faces an elevated risk of persecution or torture. See Mu-Xing Wang v. Ashcroft, 320 F.3d 130, 143-44 (2d Cir.2003). Wu stated that he fears he will be tortured if returned to China because his parents have called and told him that repatriated Chinese citizens *22 have been subjected to torture for illegally departing, however he failed to provide the particularized evidence necessary to demonstrate his eligibility for CAT relief. See Mu Xiang Lin, 432 F.3d at 160.
For the foregoing reasons, the petition for review is DENIED, in part, and DISMISSED, in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

 While the BIA mistakenly implied that Wu had sought asylum and withholding of removal, its error in this respect was harmless. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 341 (2d Cir.2006).